MATTER OF ZAMORA

In Exclusion Proceedings

A-17231545

*Decided by Board June 3, 1980*

(1) The voluntary and intended abandonment of lawful permanent resident status by the parent of a minor child who departs the United States in the custody and control of such parent will be imputed to the child, who will also be deemed to have abandoned his lawful permanent resident status.

(2) To the extent that *Matter of Bauer*, 10 I&N Dec. 304 (BIA 1963), holds that a minor alien can escape the consequences of an "entry" upon returning to the United States after a long absence simply because he had departed under the custody and control of his parents, it is overruled. *Valenti v. Karnuth*, 1 F. Supp. 370 (N.D.N.Y. 1932) and *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), distinguished.

(3) Under rule that the intent of a parent is imputed to a minor child subject to the parent's custody and control, a lawful permanent resident child who accompanied his mother to Mexico in 1970 when she abandoned her residence, and who continued to live in Mexico thereafter, lost his permanent resident status.

ON BEHALF OF APPLICANT: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The applicant has appealed from a decision of the immigration judge, dated April 18, 1979, excluding him from the United States as an immigrant not in possession of a valid unexpired visa, pursuant to section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20). The appeal will be dismissed.

The applicant is a 24-year-old native and citizen of Mexico who originally entered the United States on March 5, 1968, as a lawful permanent resident. In early 1970, his father became seriously ill, and the applicant, with his brothers and sisters, was sent back to Mexico City to be cared for by his grandmother. The applicant's parents also returned to Mexico in early 1970, and the applicant's father died soon thereafter. The applicant, and his entire family (all of whom had entered the United States as lawful permanent residents), have lived in Mexico since 1970. The applicant did not return to the United States on any occasion during these years. In early April of 1979, the appli-

cant attempted to enter the United States as a returning lawful permanent resident. When it appeared to Immigration and Naturalization Service officers that the applicant might not qualify for that status, entry was denied, and he was placed in exclusion proceedings.

An exclusion hearing was held before an immigration judge on April 18, 1979. The immigration judge found that the applicant had abandoned his residence in the United States, and so could not enter as a returning lawful permanent resident. As the applicant had no valid unexpired immigrant visa, the immigration judge found him excludable, and ordered that he be excluded and deported from the United States.

The issue on appeal is whether the applicant has in fact abandoned his status as a lawful permanent resident of the United States. If he has, then he was correctly found excludable under section 212(a)(20) of the Act. That section provides for the exclusion of immigrants seeking admission to the United States who are not in possession of a valid immigrant visa or other valid entry documents. Section 211(b) of the Act, 8 U.S.C. 1181(b), provides eligibility for a waiver of the documentary requirements for admission for one who can qualify as a "returning resident immigrant" as that term is defined in section 101(a)(27)(A) of the Act, 8 U.S.C. 1101(a)(27)(A). A "returning resident immigrant" is defined by section 101(a)(27)(A) as "an immigrant, lawfully admitted for permanent residence, who is returning from a temporary visit abroad." Hence, the applicant in this case is excludable under section 212(a)(20) unless his absence from the United States from 1970 to 1979 can be characterized as a temporary visit abroad. We have determined that it cannot be so characterized, and that the immigration judge was correct in finding that the applicant had abandoned his United States residence.

At his exclusion hearing, the applicant testified that his mother had told him that she had no intention of ever returning to the United States. Tr. at 12. There is thus no question that the applicant's mother has abandoned her lawful permanent resident status. We hold that this voluntary and intended abandonment by the mother is imputed to the applicant, who was an unemancipated minor at the time he was sent back to Mexico by his mother, and at the time his mother abandoned her lawful resident status.

In *Matter of Bauer*, 10 I&N Dec. 304 (BIA 1963), it was held that no entry was made by an unemancipated minor upon his return to the United States at the age of 19, 3 years after departing this country in the custody and control of his parents. We reached this conclusion based upon our finding that the alien had had no choice about leaving the United States but rather that he was "under a legal compulsion to follow and accompany his parents." *Id.* at 308. Because his departure

was in this sense involuntary, we held, no "entry" was made upon his return. The issue in *Bauer* was whether or not an "entry" was made by the alien, not, as in the present case, whether he had retained his lawful resident status upon departing the United States under the custody of his parents. To the extent that *Bauer* holds that an alien can escape the consequences of an "entry" upon returning from such a long absence simply because he departed under the custody and control of his parents, it is hereby overruled. *Bauer* was clearly distinguishable from the case upon which it relied, *Valenti v. Karnuth*, 1 F. Supp. 370 (N.D.N.Y. 1932). In *Karnuth*, it was held that no "entry" was made by an alien who went on a 1-day school picnic with his high school class, where his brief departure was compelled by school authorities, and by state laws requiring him to attend school. This 1-day departure is a far different thing from the 3-year departure of the alien in *Bauer*. Nor do we believe that the result reached in *Bauer* can be defended under the modern line of "entry" cases beginning with *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), which exempted a permanent resident alien from the consequences of an "entry" if his departure could be characterized as "brief, casual, and innocent," and not "meaningfully interruptive" of his resident status. *Id.* at 462.[1] We do not believe that Bauer's 3-year absence could be so characterized.

However, to the extent that *Matter of Bauer, supra,* can be cited for the general proposition that, because a minor child is compelled to accompany his parents if they depart from the United States, the intent of the parents with regard to the departure (*i.e.,* whether or not they, the parents, intend to abandon their resident status) is imputed to the accompanying child, *Bauer* still stands. Applying this rule to the applicant in the present case is fatal to his application for admission. The applicant was subject to the custody and control of his mother when he left the United States. His mother did not retain her United States residence when she left this country. When she abandoned her lawful permanent resident status, the applicant also lost his. He therefore cannot now be classified as a returning resident immigrant within the meaning of section 101(a)(27)(A).[2]

As the applicant has abandoned his permanent resident status, he was properly found excludable as an alien not in possession of a valid,

---

[1] The Board's decision in *Bauer, supra,* was reached on June 11, 1963. The Supreme Court decided *Fleuti, supra,* less than a week later, on June 17, 1963.

[2] We note also that the applicant did not seek to return to the United States until he was well over the age of majority. He did not attempt to resume his United States residence, nor even to visit this country, for over 9 years. Also, the applicant's family ties are all in Mexico, and his employment and most of his schooling have all taken place there.

unexpired immigrant visa. His appeal from that finding must accord
ingly be dismissed.

**ORDER:** The appeal is dismissed.