Maria Corazon SENICA; Evangeline S. Senica; Virgilio S. Senica; Cherry S. Senica, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 92–70423.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1993.

Decided Feb. 14, 1994.

William F. Thompson, III, Honolulu, Hawaii, Donald Ungar, Simmons, Ungar, Helbush & Steinberg, San Francisco, California, for the petitioners.

David M. McConnell, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Maria Corazon Senica and her children petition for review of the Board of Immigration Appeals' decision to deny the children's applications for discretionary relief from deportation under § 212(k) of the Immigration and Nationality Act, 8 U.S.C. § 1182(k), and Maria's application for relief under § 241(f) as the mother of a lawful resident alien. The Board found the children ineligible for the § 212(k) waivers by imputing to them Maria's knowledge of the children's ineligibility for immigration visas prior to leaving the Philippines and consequently, Maria's application under § 241(f) was denied. We affirm.

## FACTS AND PROCEDURAL HISTORY

Rodrigo Senica, now deceased, came to the United States in 1980. He was admitted on the basis of his claim to an immigration preference for unmarried children of lawful permanent residents. Although Rodrigo's father was a lawful resident alien in 1980, Rodrigo was at the time of entry already married to Maria Corazon Senica, and two children had been born before Rodrigo came

to the United States, with a third born in 1981. Rodrigo was therefore not lawfully admitted to the United States.

In 1988, when the children were eleven, nine, and six years of age, respectively, Maria came with them to the United States under a statutory preference for spouses and children of lawful permanent residents. Immigration and Nationality Act § 203(a)(2), 8 U.S.C. § 1153(a)(2). The entry documents for herself and the children were filled out by Maria who later admitted that she knew at that time that Rodrigo had lied about his status and that she and the children were not eligible for entry on the grounds claimed.

Deportation proceedings were commenced against the entire family for being aliens excludable at entry; for having entered the United States by fraud or by willfully misrepresenting a material fact; and for having entered the United States as intended immigrants with no valid immigration documents.[1] At the hearing, Maria conceded deportability on the grounds asserted. The children conceded their deportability on the basis of entry without valid documents. The INS did not pursue the fraud or willful misrepresentation charges as to the children.

The children applied for waivers under § 212(k)[2] as immigrants who were unaware of their ineligibility for admission and who could not have discovered the ineligibility by exercise of reasonable diligence. Maria applied for relief under § 241(f)[3] as the mother

---

1. Because Rodrigo died during the pendency of the proceedings, we will discuss the case only as it proceeded against Maria and the children.

2. Section 212(k), 8 U.S.C. § 1182(k) (1988) provides:

Attorney General's discretion to admit otherwise excludable aliens who possess immigrant visas. Any alien, excludable from the United States under paragraph (14), (20), or (21) of subsection (a), who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that exclusion was not known to, and could not have been ascertained by the exercise of reasonable diligence by, the immigrant before the *time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory or, in the case of an immigrant coming from foreign*

contiguous territory, before the time of the immigrant's application for admission.

3. Section 241(f)(1), 8 U.S.C. § 1251(f)(1) (1987) provides:

(1)(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19)) who—

(i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

(ii) was in possession of an immigrant visa or equivalent document and was otherwise ad-

of an alien lawfully admitted for permanent residence, i.e., her children.[4]

The Immigration Judge ("IJ") granted the § 212(k) petitions of the children, holding that they could not have ascertained by the exercise of reasonable diligence that they were excludable at the time they left the Philippines. The IJ then decided that since he had granted the § 212(k) waivers to the children, Maria qualified for relief under § 241(f).

On appeal by the INS, the BIA rejected the IJ's reasoning. It held that "reasonable diligence" under § 212(k) should be determined by considering what the parent could have ascertained by the exercise of reasonable diligence, rather than considering what the minor children could have discovered. Maria admittedly knew prior to the time of entry that she and the children were not entitled to admission to the United States. Therefore, the BIA reasoned, the children were not entitled to relief under § 212(k) because Maria's knowledge was imputed to them. This holding eliminated the predicate to Maria's § 241(f) relief, since she then had no children who were lawful residents in the United States.

Maria and the children petitioned for review of the BIA's decision, contending that imputation of the parents' fraud to the children is improper and that the BIA erred in not considering the § 212(k) waiver applications on discretionary grounds.[5]

### STANDARD OF REVIEW

■ We review *de novo* the Board's determination of legal questions regarding the requirements of the Immigration and Nationality Act. *Abedini v. INS*, 971 F.2d 188, 190–91 (9th Cir.1992). However, considera-

ble weight must be given to an executive agency's construction of the statutory scheme it administers. *Chevron USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

### DISCUSSION

■ The issue on appeal is a simple one to state: Was the BIA correct in imputing a parent's knowledge to a child in considering whether the child had knowledge of her ineligibility for admission to the United States? The Senicas argue that the statutory language is clear because it makes "any alien" eligible for entry upon satisfying the § 212(k) requirements, as the Senica children obviously did due to their youth at the time of their admission. The Government argues that if the Senicas are correct:

> [T]hen Congress must have intended that every minor child entering the United States would automatically be eligible for a § 212(k) waiver of excludability, even where a child's custodial parent admittedly knew of and concealed the child's excludability at the time the parent applied for the child's visa. Certainly, Congress could have not intended this result.

The BIA has imputed a parent's knowledge or state of mind to a child in other situations. In *Matter of Zamora*, 17 I. & N. Dec. 395 (BIA 1980), relied on by the Board here, a minor who had entered the United States as a permanent alien, returned to Mexico with his mother while still a minor. After reaching majority, he attempted to return to the United States. His re-entry was denied on the basis that when the mother abandoned her lawful resident status, he abandoned his also. Her intent to abandon was imputed to him. *Id.* at 396.

---

missible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) [8 U.S.C. § 1182(14), (20), (21)] which were a direct result of that fraud or misrepresentation.

4. Section 241 of the INA was amended by IMMACT reorganizing the grounds for deportation. 104 Stat. 5077–81 (1990). The reorganized § 241 is applicable only to aliens who received notice of deportation proceedings on or after March 1, 1991. 104 Stat. 5082 (1990). The

waiver provision in the unamended § 241(f) now appears at § 241(a)(1)(H), 8 U.S.C. § 1251(a)(1)(H).

5. Apparently the two younger children were adopted by Rodrigo's aunt and her husband. Issues related to or arising from that adoption are not before us in this appeal. Because the oldest child was not adopted, we must address the issues she raises, regardless of the status of her siblings.

In *Matter of Aurelio,* Interim Decision 3031, 1987 WL 108947 (BIA), the Board denied petitions for § 212(k) waivers filed by Mr. and Mrs. Aurelio and their minor son. The principal basis for the family's visa applications was the presence in the United States of Mrs. Aurelio's citizen father. However, he had died prior to submission of the family's applications for entry which caused an automatic revocation of the approval of the visa petitions. In rejecting all of the petitions for § 212(k) waivers of inadmissability, the Board did not address the status of the son separately from that of his mother, thereby at least impliedly imputing her failure to investigate to him: "[W]e conclude that the female applicant failed to exercise reasonable diligence in ascertaining her admissibility to the United States.... We therefore find that the immigration judge properly denied the applicants' section 212(k) waiver request." *Id.*

The BIA's decision here was not a departure from its previous practice of imputing a parent's state of mind, or failure to reasonably investigate, to an unemancipated minor child. This lends support to the BIA's contention that its interpretation of the Act was proper. *See United States v. Clark,* 454 U.S. 555, 565, 102 S.Ct. 805, 812, 70 L.Ed.2d 768 (1982) (great deference is given to an agency's construction of its enabling statute in order to preserve consistency).

▪ The Board's interpretation is also supported by the illogical consequences that flow from a contrary decision. Parents of minor children could then overcome clear and unarguable barriers to admission to the United States by simply filing fraudulent applications for admission on behalf of their minor children. When the fraud was discovered, the parents would become at least derivatively eligible to remain in the United States by pointing out that the children were innocent of the parents' fraud. Such games are not to be played within the confines of the immigration laws.

### CONCLUSION

▪ The agency's interpretation of the statutes it administers is entitled to deference and "should be accepted unless demon-strably irrational or clearly contrary to the plain and sensible meaning of the statute." *Olivares v. I.N.S.,* 685 F.2d 1174, 1177 (9th Cir.1982). Such is not the case here.

PETITION DENIED.