107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laslo JUHASZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Dec. 11, 1996.
 
 Before RONEY**, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Laslo (Laszlo) Juhasz petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an order of an immigration judge deporting him to Hungary. He argues that due process was violated because of problems with an interpreter's translation and that the Board erred in denying petitioner voluntary departure. We deny the petition for review, so the order of deportation stands affirmed.
 
 
 3
 Juhasz is a native and citizen of Hungary. He entered the United States on February 10, 1988 with a visitor-for-pleasure visa. He remained in the United States beyond the expiration date of his visa, August 8, 1988. Since 1991, Juhasz has owned an ornamental metalworking business in Phoenix, Arizona.
 
 
 4
 Show cause proceedings were instituted in August 1993. After several proceedings in which he had different interpreters, a hearing was held on April 28, 1994, postponed from an earlier date so he could obtain counsel. At this hearing, Juhasz appeared without counsel and was furnished with an interpreter against whom he made no objections. On occasion Juhasz spoke to the hearing officer in English. He admitted his entry date and his failure to depart the country by the expiration date. He told the immigration judge that he was seeking asylum. He was given until May 31, 1994 to file an application.
 
 
 5
 Juhasz filed his asylum application on May 12, 1994, asserting he had been persecuted by the Hungarian government based on his political opinion and membership in a particular social group. The asylum hearing was held on September 9, 1994, with a new interpreter, against whom he registered no objection. Again Juhasz appeared without counsel. Some difficulty was encountered when Juhasz sometimes answered the judge's questions in English, not waiting for the translation.
 
 
 6
 After full questioning and giving Juhasz the opportunity to present such testimony and evidence as he chose, the immigration judge concluded that Juhasz had failed to demonstrate that he had a well-grounded fear of persecution or that he had been singled out for persecution for any of the statutory eligibility categories in the Immigration and Nationality Act.
 
 
 7
 Since Juhasz testified that he would not leave the United States voluntarily and could not afford to pay for his return to Hungary, the Immigration Judge found that Juhasz was not eligible for voluntary departure. See 8 U.S.C. § 1254(e); 8 C.F.R. § 244.1. Deportation to Hungary was ordered on September 9, 1994, over two years ago.
 
 
 8
 On appeal to the Board, Juhasz alleged first, that his proceedings were "fundamentally unfair" because he was not provided with a "competent interpreter," see Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994), and second, that the Immigration Judge failed to consider the "reasonable possibility" that he would be persecuted by the Communists that are still in power in Hungary. Id. at 341. Juhasz did not claim an error in denying voluntary departure, that his interpreters were biased, or that the immigration judge ignored his objections, asserted in his counsel's brief to this Court.
 
 
 9
 With an order reflecting that it had carefully reviewed the proceedings and considered all of the arguments which Juhasz presented, the Board dismissed the appeal, thus affirming the action of the immigration judge on April 13, 1995, a year and a half ago. This petition for review was filed on July 3, 1995.
 
 
 10
 We have carefully considered all of the arguments made in the brief and reply brief of counsel for Juhasz and the record before us. We conclude that Juhasz has waived any claims not presented to the BIA. An alien's failure to raise an issue before the BIA "deprives this court of jurisdiction to hear the matter." Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). Thus, we do not consider Juhasz's voluntary departure or interpreter bias claim. There is no question but that Juhasz was deportable, unless he could establish some validity to his asylum request. Finding that the Board was correct in deciding that Juhasz failed to establish that his asylum request was prejudiced by translation problems or that his hearing was fundamentally unfair, the only issue before us is whether the record supports the decision that Juhasz failed to establish that he has a "well-founded fear of persecution" upon his return to Hungary. 8 U.S.C. § 1101(a)(42)(A); INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We give considerable weight to the BIA's interpretation of such statutory provisions governing immigration, Senica v. INS, 16 F.3d 1013, 1015 (9th Cir.1994), and we review for abuse of discretion the BIA's decision to deny asylum. Prasad v. INS, 83 F.3d 315, 317 (9th Cir.), amended on denial of rehearing, --- F.3d ----, 1996 WL 656402 (9th Cir. Nov. 12, 1996). We have carefully considered the record, and we conclude there was no such abuse of discretion. We therefore deny the petition.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided in Ninth Circuit Rule 36-3