**Franklin Asuncion ORTEGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71240.
I & NS No. A41–181–345.

United States Court of Appeals,
Ninth Circuit.

594

Submitted April 30, 2001.*

Decided Sept. 21, 2001.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

## MEMORANDUM **

Franklin Asuncion Ortega seeks review of the BIA's determination that he is statutorily ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(k). He contends there is not substantial evidence in the record to support the BIA's adverse credibility finding. We have jurisdiction pursuant to former 8 U.S.C. § 1105a.*** We grant the petition for review and remand for further proceedings.

## DISCUSSION

This case turns on whether Ortega was "unaware of [his] ineligibility for admission and ... could not have discovered the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*** The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) govern judicial review of

Rahman's petition because deportation proceedings were pending against him prior to IIRIRA's effective date. *See Alfaro–Reyes v. INS*, 224 F.3d 916, 920 (9th Cir.2000) (citing IIRIRA § 309(c)). Those rules provide, with exceptions not applicable here, that review shall proceed under former 8 U.S.C. § 1105a. *See Zahedi v. INS*, 222 F.3d 1157, 1160 (9th Cir.2000).

ineligibility by exercise of reasonable diligence." *See Senica v. INS,* 16 F.3d 1013, 1014 (9th Cir.1994) (applying § 1182(k)). Ortega denied having any knowledge of the fraud carried out by his family. Moreover, the INS admitted that it had no evidence that Ortega knew of the fraud. The BIA, however, denied the requested relief based on alleged misstatements made by Ortega to the INS in 1987, when he stated that there were eleven children in his family: "Aida, Cecilia, Soledad, Evelyn, Edilberto, Ernesto, Priscilla, Carlos, Venus, Frank (himself) and Bernardino." In fact, Ortega has an older brother, Jose, and Bernardino is Ortega's nephew.

The IJ concluded that these misrepresentations to the INS investigator, "albeit collateral to the exact issue presented today regarding respondent's knowledge of his sister's illegally procured naturalization as a United States citizen casts serious doubt on respondent's credibility." The BIA affirmed, finding "no reason to doubt the credibility finding of the Immigration Judge." The BIA reasoned that Ortega "misrepresented facts surrounding the situation at the time" and that "taking the report as true, the respondent knew that the [INS] was questioning the basis for his family's entries into the United States, and he attempted to mislead the questioner."

 In this circuit, the BIA "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *See Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000). We cannot conclude that the BIA's decision satisfies this requirement. First, there is no indication that Ortega was informed of the nature of the investigation that would have put him on notice to question the legality of his sister's immigration status. Second, the information that Ortega gave was accurate. Ortega named the "eleven children in his family," not his "brothers and sisters." He did not include Jose, because, as he explained to the IJ, he has no memory of Jose and does not know where he lives. Ortega did include Bernardino because "most of the time he stays with us." Third, even if Ortega's statement was inaccurate, it amounts to no more than a minor inconsistency in the record that is insufficient to support an adverse credibility finding. *See Zahedi v. INS,* 222 F.3d 1157, 1167 (9th Cir. 2000). Finally, the BIA's justification for an adverse credibility determination "must be substantial and bear a legitimate nexus to the finding." *See id.* at 1166. Here, the BIA's reasoning is nothing more than conjecture, unsupported by substantial evidence. *See Salaam,* 229 F.3d at 1238–39.

Accordingly, we grant the petition for review and remand to permit the Attorney General to exercise his discretion.

**PETITION FOR REVIEW GRANTED and REMANDED.**

WALLACE, dissenting.

Ortega has the burden to prove his eligibility for relief under section 212(k). Thus, he must demonstrate he did not know and could not have known in the exercise of reasonable diligence of his sister's fraud scheme which was the basis of his and his family's admissibility into this country.

As with most fraud scams, there is no direct evidence of knowledge. But the IJ and Board found circumstantial evidence Ortega knew. The question is whether we are compelled to find otherwise. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

At the time of his illegal entry, he was 23 years old. He testified he did not know of the fraud. The IJ disbelieved him. That is evidence of the contrary: he did know of the fraud. Could the IJ and Board do so?

He was found to have misled a government agent about the names of his siblings. He denies he ever had the conversation. The IJ found he lied: he did have the conversation.

The IJ found this deceptiveness showed his knowledge of the nature of the immigration effort and that, at least after the conversation, he logically would have discussed it with his family. But Ortega lied about the conversation even happening. This led the IJ to find that Ortega either knew of his sister's fraud or could reasonably have been expected to investigate further. The Board agreed.

Perhaps I might have seen it differently had I been the IJ or the Board, but I do not feel compelled to come to the opposite determination. Therefore, I would deny the petition.