Irma Yolanda FIGUEROA–GARCIA, Petitioner—Appellant,

v.

Patricia A. SCHMITT, District Director, Respondent—Appellee.

No. 04–15897.

D.C. No. CV–03–00780–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 2005.

Decided Aug. 31, 2005.

Fernando X. Gaxiola, Tucson, AZ, for Petitioner–Appellant.

Cynthia M. Parsons, USPX—Office of The U.S. Attorney, Phoenix, AZ, for Respondent—Appellee.

Before HAWKINS, McKEOWN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Petitioner Irma Yolanda Figueroa–Garcia appeals the district court's denial of her habeas corpus petition brought under 28 U.S.C. § 2241. We affirm.

■ The district court properly determined that the law of the case did not preclude the Immigration Judge (IJ) and Bureau of Immigration Appeals (BIA) from considering whether Petitioner's status as a lawful permanent resident is impacted by the fact that her father obtained his citizenship status through fraud. The first decision by the BIA was not a final decision concerning whether Petitioner was a lawful permanent resident. That question was properly raised and considered thereafter.

■ Furthermore, as the district court concluded, Petitioner did not establish that she was a lawful permanent resident eligible to obtain a waiver of excludability under 8 U.S.C. § 1182(c).[1] An alien who has obtained permanent resident status through fraud is not lawfully admitted for purposes of obtaining a § 1182(c) waiver. *See Biggs v. INS,* 55 F.3d 1398, 1401 (9th Cir.1995); *Monet v. INS,* 791 F.2d 752, 753–55 (9th Cir.1986). Petitioner's visa petition depended upon her father's representation that he was a U.S. citizen. If that representation had not been made, it can be assumed that Petitioner would not have been admitted. It was later determined that the representation was fraudulent. In the instant case, the fraud that Petitioner's father engaged in to obtain his U.S. citizenship was properly imputed to Petitioner. *See Senica v. INS,* 16 F.3d 1013, 1015–16 (9th Cir.1994) (concluding that an alien's knowledge that her children were ineligible for admission to the U.S. because she had obtained her immigration status through fraud was properly imputed to her children).

While it is true that an adult child is not always considered in privity with a parent for purposes of res judicata, in circumstances such as those presented here, where the daughter's claim to permanent resident status was entirely dependent on the father's citizenship, the privity require-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Section 1182(c) has since been repealed.

ment is logically satisfied. In addition, the burden was on Petitioner to prove that she was lawfully admitted, and she did not meet that burden. We need not decide whether it would make a difference if Petitioner, exercising due diligence, could not have reasonably discovered her father's fraud, for she did not raise this issue before the IJ or BIA, and she has not identified facts supporting such a contention.

**AFFIRMED.**