# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60277

NASHIDA MUSHTAQ,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A43 968 081

Before REAVLEY, SMITH, and DENNIS,[*] Circuit Judges.
JERRY E. SMITH, Circuit Judge:

The United States sought to revoke Nashida Mushtaq's passport and begin removal proceedings because she did not have a valid immigrant visa. Mushtaq applied for a § 212(k) waiver, but the immigration judge ("IJ") denied the application, and the Board of Immigration Appeals ("BIA") affirmed. We deny Mush-

---

[*] Judge Dennis concurs in the judgment only.

taq's petition for review.

## I.

Mushtaq was born in Pakistan in 1984. Her father entered the United States in 1985 as a visitor and became a resident when he married an American citizen. At age 9, Mushtaq came to the United States and gained derivative citizenship through her father. Her immigration application falsely stated that her mother, who still lived in Pakistan, had died in 1985. At age 15, Mushtaq filed a visa application for her husband in which she inaccurately stated again that her mother had died in 1985.

After Mushtaq and her three siblings had successfully entered the United States and had become citizens, her father divorced his American wife. Mushtaq's mother then entered the United States under a false name and married Mushtaq's father. Immigration authorities noticed this fraud, and Mushtaq's mother and father eventually pleaded guilty of conspiracy and naturalization fraud and had their citizenship revoked.

The government then initiated proceedings against Mushtaq, seeking to revoke her citizenship, and begin removal proceedings. Mushtaq sought a § 212(k) waiver on the ground that she should not be removed because she did not know of her inadmissibility. The IJ and BIA denied relief on the ground that her parents' knowledge of her inadmissibility is imputed to her.

## II.

In regard to the standard of review, both parties argue that we must grant the BIA's decision *Chevron* deference.[1] A reviewing court, however, may reject

---

[1] *See generally Chevron U.S.A. v. Nat'l Res. Def. Council*, 467 U.S. 837, 842-43 (1984) ("When a court reviews an agency's construction of the statute which it administers, it is con-
(continued...)

even an agreed standard. *See United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc). "If neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own." *Id.* (citations omitted).

The BIA affirmed the IJ's order in an unpublished, single-judge decision. Three courts have held that such decisions are given only *Skidmore* deference[2] because of *United States v. Mead*, 533 U.S. 218 (2001).[3] One court since *Mead* has still analyzed these opinions under *Chevron* deference so long as the decision "provide[s] reasoning . . . to which we can defer." *See Gutnik v. Gonzales*, 469 F.3d 683, 690 (7th Cir. 2006). We need not resolve this question, because Mushtaq's claim fails under either standard. Thus, we review it under the less-deferential *Skidmore* standard.

---

[1] (...continued)
fronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." (footnotes omitted)).

[2] *See generally Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) ("The weight of [an agency's'] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.").

[3] *See Quinchia v. U.S. Atty. Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008) (stating that an unpublished BIA decision that does not rely on BIA or circuit court precedent does not receive *Chevron* deference); *Rotimi v. Gonzales*, 473 F.3d 55, 57-58 (2d Cir. 2007) (deciding that an unpublished BIA decision that does not rely on precedent for its definition of a contested term does not receive *Chevron* deference, because it is not "promulgated under [the agency's] authority to make rules carrying the force of law" (internal quotation marks omitted)); *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1012-14 (9th Cir. 2006) (opining that an unpublished BIA decision does not have the force of law and therefore does not receive *Chevron* deference).

III.

Mushtaq requested a § 212(k) waiver, codified at 8 U.S.C. § 1182(k), which states:

> Any alien, inadmissible from the United States under paragraph (5)(A) or (7)(A)(i) of subsection (a) of this section, who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, the immigrant before the time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory or, in the case of an immigrant coming from foreign contiguous territory, before the time of the immigrant's application for admission.

Mushtaq believes she could not have known about her inadmissibility because she was a minor, but the IJ and BIA imputed her parents' knowledge to her.

Previous immigration decisions have imputed the knowledge of a parent to a child. In *Senica v. INS*, 16 F.3d 1013, 1015 (9th Cir. 1994), the court was faced with the question whether "the BIA [was] correct in imputing a parent's knowledge to a child in considering whether the child had knowledge of her ineligibility for admission to the United States." The court concluded that the BIA's decision "was not a departure from its previous practice of imputing a parent's state of mind, or failure to reasonably investigate, to an unemancipated minor child." *Id.* at 1016. It also noted the government's argument that reaching the opposite decision would mean that "every minor child entering the United States would automatically be eligible for a § 212(k) waiver," and such a result was illogical. *Id.* at 1015. Thus, it sustained the BIA's decision.

At least one BIA decision has also imputed parents' knowledge to their children. In *Matter of Zamora*, 17 I. & N. Dec. 395 (1980), the BIA confronted a case in which the petitioner had become a lawful permanent resident while he was a minor. His family, however, returned to Mexico, abandoning their lawful

permanent resident status. *Id.* at 395. The petitioner, as a minor, returned with his parents. When he tried to re-enter the United States, he was excluded because he too was found to have abandoned his lawful permanent resident status. *Id.* at 396. The BIA affirmed that decision, noting that "the intent of the parents with regard to their departure . . . is imputed to the accompanying child." *Id.* at 397. Both *Senica* and *Zamora* provide support for the BIA's decision.

Mushtaq argues that the BIA's decision in *Matter of D-C-*, 7 I. & N. Dec. 5257 (1957), demonstrates that her parents' knowledge should not be imputed to her. In that case, the regional commissioner[4] examined whether two minors were eligible for a waiver similar to § 212(k) waiver. *Id.* at 525-26. The minors had entered the United States at ages 16 and 13 and did not know that their entry was illegal. The regional commissioner determined that the minors could not have ascertained their illegality, so they were still eligible for the waiver. Although this decision is factually similar to our case, there is no indication that the government even argued imputation, so that issue was not addressed, and that decision does not bind the BIA in its later decisions and does not require us to overturn its determination here.

Mushtaq also points to *Singh v. Gonzales*, 451 F.3d 400, 409-10 (6th Cir. 2006), in which the court found that the BIA could not impute the fraudulent conduct of a parent to a minor child. The court explicitly distinguished *Senica* and *Zamora*, however, concluding that "imputing fraudulent conduct . . . and an intent to deceive . . . is a far cry from imputing knowledge of ineligibility for admission." *Id.* at 407.

Finally, Mushtaq argues that the Supreme Court has consistently held that a parent's knowledge cannot be imputed to a minor child. The cases that

---

[4] The parties debate whether a regional commissioner's decision is precedential. We do not need to reach that issue, because this case does not support Mushtaq's argument.

she cites, however, deal with agency[5] and negligence in tort law,[6] not immigration; they are not helpful to our determination.

We therefore agree with *Senica* and conclude that the BIA's decision in *Zamora* shows that the IJ and BIA were right to impute Mushtaq's parents' knowledge to her.  The petition for review is DENIED.

---

[5] *See Mut. Life Ins. Co. v. Hilton-Green*, 241 U.S. 613, 622 (1916).

[6] *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Johnson Controls, Inc.*, 499 U.S. 187, 213 & n.3 (White, J., concurring).