# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2011

No. 10-60256
Summary Calendar

Lyle W. Cayce
Clerk

AMILCAR ORLANDO HERNANDEZ-NAVARRETE,
also known as Amilcar Hernandez-Navarrete,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 058 417

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Amilcar Orlando Hernandez-Navarrete (Hernandez) petitions this court
for review of the Board of Immigration Appeals' (BIA's) decision holding his
asylum application untimely and rejecting his request for withholding of
removal. We have jurisdiction to entertain the BIA's determination that
Hernandez's asylum application was untimely because the timeliness issue is
based on the BIA's construction of 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 208.4(a)(4)(i). *See Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007). We review questions of law de novo, *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

Here, the BIA affirmed the Immigration Judge's ruling in an unpublished, single-judge decision. This Court has not resolved the issue of whether such a decision should be entitled to greater deference pursuant to *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984), or the lesser amount of deference pursuant to *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944). "We need not resolve this question, because [Hernandez's] claim fails under either standard. Thus, we review it under the less-deferential *Skidmore* standard." *Mushtaq v. Holder*, 583 F.3d 875, 877 (5th Cir. 2009).

An application for asylum must be filed within one year after the date of the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Notwithstanding an untimely filing, an asylum application may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4)(i). The term "changed circumstances" may include "changes in applicable U.S. law." § 208.4(a)(4)(i)(B).

Hernandez argues that *Valdiviezo-Galdamez v. Attorney General of the United States*, 502 F.3d 285 (3d Cir. 2007), changed applicable United States law in a way that materially affected his eligibility for asylum. The BIA held that a nonbinding change in law in the Third Circuit did not constitute a changed circumstance justifying Hernandez's delay in filing his asylum application. That holding is based on valid reasoning and not contrary to § 1158(a)(2)(D). We therefore afford the BIA's interpretation of immigration law its proper deference and will not disturb its determination that Hernandez's asylum application was untimely. *Skidmore*, 323 U.S. at 140.

No. 10-60256

Hernandez further argues that he is entitled to withholding of removal because the evidence demonstrates that his life or freedom would likely be threatened if he were removed to El Salvador on account of his membership in the particular social group of young Salvadoran men who refuse to join gangs. We review the BIA's determination that Hernandez is not eligible for withholding of removal under the substantial evidence standard. *Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009). Hernandez is entitled to withholding of removal if he shows that his "life and freedom would be threatened in [El Salvador] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

The BIA's determination that Hernandez did not suffer past persecution is supported by evidence that neither he nor his family was ever physically harmed and, at most, merely suffered threats and harassment. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Moreover, Hernandez cannot show that he was or would be persecuted on account of his membership in a particular social group; his status as a young Salvadoran male who does not belong to a gang is too generalized to identify him as a member of a particular social group. *See Matter of S-E-G-*, 24 I.&N. Dec. 579, 582-84 (BIA 2008).

PETITION DENIED.