**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2011

No. 10-60853

Lyle W. Cayce
Clerk

HAPPINESS AGHOLOR, also known as Happiness Agholor Anene,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
(A070 879 462)

Before KING, JOLLY, WIENER, Circuit Judges.

PER CURIAM:[*]

The Board of Immigration Appeals determined that the petitioner is inadmissible to the United States for having falsely represented her citizenship on a voter registration form. The petitioner asks this court to review that decision, to prevent her from being removed to Nigeria. For the following reasons, the petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60853

I.

The Department of Homeland Security (DHS), formerly Immigration and Naturalization Services, charged the petitioner, Happiness Agholor, with removability in 1995. Agholor, a citizen of Nigeria who entered the United States in 1987 as a non-immigrant visitor, conceded her removability. Having been convicted previously of causing bodily injury to a child, Agholor is ineligible to adjust her status and remain in the United States without obtaining a waiver of inadmissibility. She sought this waiver in conjunction with her pursuit to adjust her status, and the Immigration Judge (IJ) granted both on July 3, 1997. The DHS appealed the IJ's decision to the Board of Immigration Appeals (BIA).

On February 22, 2002, the BIA sustained the appeal, finding that the IJ had failed to consider all the relevant factors in determining Agholor's waiver. The BIA remanded the case to the IJ for consideration of all the relevant factors and rejected Agholor's motion to reconsider.

On remand, the DHS discovered that Agholor had completed a voter registration form in August 2000 on which she checked "Yes" in response to the statement, "I AM A UNITED STATES CITIZEN." The DHS moved to pretermit Agholor's waiver application, arguing that she had made a false representation of United States citizenship for a benefit under the law, a ground of inadmissibility for which no waiver is available. The IJ agreed and entered an order on January 23, 2008, pretermitting Agholor's application. After the IJ rejected Agholor's motion for reconsideration, she appealed to the BIA.

The BIA dismissed Agholor's appeal on October 12, 2010, agreeing with the IJ that Agholor's false representation of citizenship on her voter registration form made her ineligible for a waiver of inadmissibility. She now petitions for review.

2

No. 10-60853

II.

Agholor's petition challenges the BIA's decisions of February 2002 and October 2010. Agholor contends that the BIA gave insufficient explanation to justify its 2002 decision. With respect to the 2010 decision, Agholor argues that checking a box indicating U.S. citizenship on a voter registration form does not constitute making a false representation of citizenship for a benefit under the law.

A.

We lack jurisdiction over Agholor's challenge to the 2002 BIA decision. This court reviews a final order of removal only if the petitioning alien "has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). An administrative remedy is available as of right where "(1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009) (citing *Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008); *Falek v. Gonzales*, 475 F.3d 285, 291 (5th Cir.2007)). A petitioner's failure to exhaust her administrative remedies over an issue deprives this court of jurisdiction over that issue. *Omari*, 562 F.3d at 319 (citing *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir.2001); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir.2004)).

Agholor argues that the BIA's 2002 decision was unreasoned: it reverses the IJ's 1997 decision for the IJ's failure to consider all of the factors in a multi-factor test, but it does not specify which factors the IJ omitted. She did not, however, bring this alleged deficiency to the BIA's attention when she moved the BIA to reconsider its 2002 decision. Because Agholor's argument challenges the BIA's decision itself, she needed to make that argument in her motion for reconsideration in order to exhaust her administrative remedies:

No. 10-60853

> [I]f a party disagrees with the BIA's resolution of an issue previously raised before the BIA, there is no need to reargue this issue in a motion for reconsideration. But where the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration.

*Omari,* 562 F.3d at 320. When Agholor moved the BIA to reconsider its February 2002 decision, she did not argue that the BIA was required to specify which factors the IJ had omitted from the IJ's 1997 decision. She therefore did not avail herself of all the administrative mechanisms for remedying that issue. Accordingly, we lack jurisdiction to consider this aspect of her petition.

B.

We now consider the other issue presented in Agholor's petition, her argument that her 2000 voter registration form does not constitute a false representation of citizenship for a benefit under the law. "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under . . . Federal or State law is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii)(I). The IJ and the BIA found that Agholor's conduct—indicating that she was a citizen on a voter registration form by checking a box—satisfied this ground of inadmissibility, for which no waiver is available.

Because the BIA's decision was rendered by a single BIA member, that decision is not precedent. *See* 8 C.F.R. § 1003.1(g). Without deciding the proper level of deference to afford such decisions, we will apply the lesser, *Skidmore* standard here, as we have done in the past. *See Rana v. Holder*, 654 F.3d 547, 549-50 (5th Cir. 2011); *Mushtaq v. Holder*, 583 F.3d 875, 876-78 (5th Cir. 2009). If the BIA decision is correct in this less deferential light, then it would naturally be correct if considered under the more deferential *Chevron* standard. *See Rana*

4

No. 10-60853

*v. Holder*, 654 F.3d 547, 549-50 (5th Cir. 2011); *Mushtaq v. Holder*, 583 F.3d 875, 876-78 (5th Cir. 2009).

Under the *Skidmore* standard, "[t]he weight of [an agency's] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The BIA's consideration of Agholor's inadmissibility is rather brief and unsupported by authority, so we ascribe little weight to its application of § 1182(a)(6)(C)(ii)(I) to this case. We nonetheless reach the same conclusion as the BIA: Agholor is inadmissible.

Checking a box in response to an unequivocal statement of citizenship is a representation of citizenship. Agholor argues that the voter registration form apprised her that it would be perjury to falsely represent other facts, but did not offer similar warnings with respect to falsely representing her citizenship. This observation has no bearing on our application of § 1182(a)(6)(C)(ii)(I). As Agholor concedes, a false representation of citizenship under § 1182(a)(6)(C)(ii)(I) need not be made knowingly or wilfully, therefore the absence of a warning addressing the consequences of representing one's citizenship is immaterial.

Further, a person who represents her citizenship on a voter registration form makes that representation for a benefit under the law. Agholor argues that she received no benefit from being registered to vote because she registered under the mistaken belief that registering to vote was a necessary step in renewing her driver's license. Because she did not vote or in fact need to register to vote to renew her driver's license, she contends that she received no benefit. Agholor's argument misses the point: being registered to vote is a benefit under the law because it permits a person to vote, even if the person does not. The moment Agholor obtained the status of registered voter, she obtained a benefit,

No. 10-60853

and it makes no difference that she declined to take full advantage of that benefit by voting.

## III.

Happiness Agholor petitions for review of BIA decisions adverse to her. We lack jurisdiction over one issue raised in her petition and agree with the BIA as to the other issue raised. In registering to vote, Agholor falsely represented her citizenship for a benefit—being registered to vote—under the law. Agholor's petition is

DENIED.