# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

No. 12-60909
Summary Calendar

FATEH ALI JUDHANI; NAZLIN JUDHANI; SONIYA FATEH ALI JUDHANI,

Petitioners,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 097 941 195
No. A 097 941 96
No. A 097 941 197

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fateh Judhani, his wife Nazlin Judhani, and their adult daughter Soniya Judhani petition for review of the decision of the Board of Immigration Appeals ("BIA"), which affirmed the denial, by the immigration judge ("IJ"), of a continuance and of their motion to reopen (which was construed as a motion to remand), and which dismissed their appeal. The petitioners contend, *inter alia*, that the BIA's affirmance of the IJ's denial of a continuance should be reversed, because the decision applied the incorrect legal standard and failed to consider the evidence in support of their claim of ineffective assistance of counsel, depriving them of due process. Further, the petitioners raise numerous arguments arising from the BIA's decision itself denying their motion to remand on the ground that their claims were not credible.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We may *sua sponte* raise the exhaustion requirement, because failure to exhaust deprives the court of jurisdiction. *See Said v. Gonzales*, 488 F.3d 668, 670–71 (5th Cir. 2007); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009). To exhaust administrative remedies, an alien must raise an issue in the first instance before the BIA, either on direct appeal, in a motion to reopen, or in a motion for reconsideration. *See Omari*, 562 F.3d at 320; *Roy,* 389 F.3d at 137.

The petitioners raise issues "stemming from the BIA's act of decisionmaking" that could not have been raised prior to the BIA's issuance of its decision. *See Omari*, 562 F.3d at 319-21; *see also Agholor v. Holder*, 454 F. App'x 360, 362–63 (5th Cir. 2011); *Argueta-Iglesias v. Holder*, 448 F. App'x 496, 497 (5th Cir. 2011). Those arguments challenge the BIA's affirmance of the IJ's denial of a continuance, the legal standard that the BIA applied, and the lack of consid-

eration of the evidence presented in support of their claim of ineffective assistance of counsel and challenge the BIA's decision denying their motion to remand.  Although the petitioners allege due-process violations, they may not escape the exhaustion requirement by couching their claims, which could have been raised in the first instance before the BIA, in terms of due process.  *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-90 (5th Cir. 2001)*; Roy*, 389 F.3d at 137.

The petitioners were required to raise the issues in a motion for reconsideration in order to satisfy the exhaustion requirement.  *See Omari*, 562 F.3d at 320.  Because they did not present those issues to the BIA, the issues are unexhausted, and we lack jurisdiction to consider those aspects of the petition for review.  *See Roy,* 389 F.3d at 137.  The petitioners filed a motion to reconsider, but they did not file a separate petition for review from the BIA's denial of that motion, so we lack jurisdiction to consider that motion.  *See Guevara v. Gonzales,* 450 F.3d 173, 176 (5th Cir. 2006); *Stone v. INS,* 514 U.S. 386, 405 (1995).

To the extent that the petitioners argue that the BIA abused its discretion in affirming the IJ's denial of a continuance because they demonstrated good cause for a continuance, we have jurisdiction to review the denial of a motion for continuance.  *See Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006).  The denial of a continuance is reviewed for abuse of discretion.  *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006).  "An IJ may grant a motion for continuance only 'for good cause shown.'"  *Id*. (quoting 8 C.F.R. § 1003.29).  The petitioners' speculative and conclusional assertions do not meet that standard.

Accordingly, the petition for review is DENIED in part and is DISMISSED in part for want of jurisdiction.