# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 09-60119
Summary Calendar

JAMIL ABBASI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A78 130 989

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

## I.

Petitioner Jamil Abbasi is a native and citizen of Pakistan who entered the United States in 1996 without inspection and without a visa. He has remained in the country since then. On June 1, 2006, he was served with a Notice to Appear alleging that he had entered the United States without being admitted or paroled and was therefore removable because he was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The charge was subsequently supplemented to allege inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), based on Abbasi's June 14, 2001, conviction under Texas law for misdemeanor possession of marijuana.

Abbasi filed for two types of relief: an application for waiver of his controlled substance grounds of inadmissibility under 8 U.S.C. § 1182(h), and an application for cancellation of removal under 8 U.S.C. § 1229b(b). Both applications required a showing of hardship to a United States citizen family member, and Abbasi based them on alleged hardship to his daughter Ammara.

The Immigration Judge ("IJ") denied both applications for relief. He held that the § 1182(h) application was improper because Abbasi had not filed it concurrently with an application for adjustment of status. He also held that even if the controlled substance ground of inadmissibility was waived, Abbasi would still be inadmissible on the separate ground that he lacked the proper documentation to be admitted to the United States. The IJ further held that Abbasi's application for cancellation of removal failed for two reasons. First, his controlled substance conviction barred the cancellation of removal (whether or not it was waived under § 1182(h)), and second, the conviction stopped his accrual of continuous physical presence before the ten years required for a cancellation of removal under § 1229b(b)(1).

Abbasi appealed to the Board of Immigration Appeals ("Board"). His argument focused on the hardship to his daughter that would exist if he were removed, and he also asserted that his marijuana offense fell into the exception for petty offenses. The Board dismissed his appeal, holding that the IJ had not erred and pointing out that the petty offense exception applies only to crimes of moral turpitude, not to controlled substance offenses. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Abbasi now petitions this court for review, challenging the Board's application of several provisions of the Immigration and Nationality Act ("INA").

## II.

We review only the Board's decision except to the extent it was influenced by the IJ's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). In this case we may review the IJ's decision because the Board referred to it and agreed with it.

We review *de novo* the Board's determinations of questions of law, but we defer to the Board's construction of immigration statutes. *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009). Abbasi does not dispute any of the Board's findings of fact.

Abbasi raises three challenges on appeal. He challenges the Board's finding that he is ineligible for cancellation of removal, its finding that he is ineligible for a waiver of his controlled substance ground of inadmissibility, and the Board's and IJ's refusals to hear evidence on the issue of hardship to his U.S. citizen daughter. We find no error by the Board or IJ on any of these issues.

The Board properly found Abbasi ineligible for cancellation of removal under 8 U.S.C. § 1229b(b). That subsection provides that the Attorney General may grant cancellation of removal only to aliens who satisfy four conditions: (A) continuous physical presence in the United States for ten years; (B) good moral character; (C) a lack of convictions for offenses under certain provisions of the INA including § 1182(a)(2); and (D) exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a United States citizen or lawful permanent resident. Abbasi is ineligible for cancellation under both (A) and (C) due to his conviction for marijuana possession in Texas. The conviction falls under § 1182(a)(2), which renders inadmissible any alien convicted of a violation of any law or regulation of a state relating to a controlled substance, and therefore bars him from being eligible for cancellation under § 1229b(b)(1)(C). Furthermore, § 1229b(d)(1) provides that the continuous physical presence required under §1229b(1)(A) ends when the alien commits an offense referred to in § 1182(a)(2), so the same 2001 marijuana conviction stopped Abbasi's accrual of physical presence in the United States only five years after his arrival in 1996. Abbasi seems to suggest that the marijuana conviction does not bar his eligibility for cancellation for removal because the conviction should be waived under § 1182(h). However, even if Abbasi was eligible for a waiver of the marijuana conviction as a ground of inadmissibility under § 1182(h), such a waiver affects only the finding of inadmissibility and not the underlying conviction. *See Amouzadeh v. Winfrey*, 467 F.3d 451, 458-59 (5th Cir. 2006) (holding that because a waiver under

now-repealed § 212(c) of the INA "'waives' the finding of excludability or deportability rather than the basis of excludability itself, the crimes alleged to be grounds for excludability or deportability . . . do not disappear from the alien's record for immigration purposes") (quoting *Matter of Balderas*, 20 I&N Dec. 389, 391 (BIA 1991). Therefore, even a grant of a § 1182(h) waiver of the conviction as a ground of inadmissibility would not cure Abbasi's ineligibility for cancellation of removal.

Furthermore, the Board properly found Abbasi ineligible for a waiver of his controlled substance ground of inadmissibility because he had not concurrently applied for an adjustment of status under 8 U.S.C. § 1255. The regulations state that with two inapplicable exceptions, "an application under [8 C.F.R. Part 1245] shall be the sole method of requesting the exercise of discretion under [§ 1182(h)] as [it] relate[s] to the inadmissibility of an alien in the United States." 8 C.F.R. § 1245.1(f). *See also Matter of Balao*, 20 I&N Dec. 440, 446 (BIA 1992) (holding that waiver under § 1182(h) was unavailable because the alien had not applied for an adjustment of status). Abbasi's application for cancellation of removal, which is entitled "Application for Cancellation of Removal and Adjustment of Status," is not the same as the adjustment of status application under § 1255 that is required in order for § 1182(h) waiver to apply; his application falls under § 1229b(b)'s provision for cancellation of removal and adjustment of status. Additionally, even if Abbasi did receive a waiver under § 1182(h) for his marijuana conviction, he would remain removable on the other ground of his inadmissibility as an illegal entrant under § 1182(a)(6)(A)(i).

Finally, because the IJ and the Board did not need to reach the question of hardship due to Abbasi's other grounds for ineligibility for relief, they did not err in failing to hear more testimony regarding hardship to Abbasi's U.S. citizen daughter.

### III.

For the reasons stated above, the petition for review is DENIED and the order of the Board is AFFIRMED.