**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

Lyle W. Cayce
Clerk

No. 10-60539

ATIF M. KHAN RANA,

                            Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

                            Respondent.

―――――――――

Petition for Review of an Order of
the Board of Immigration Appeals

―――――――――

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Aliens who are convicted of a controlled substance offense are inadmissible into the United States, 8 U.S.C. § 1182(a)(2)(A)(i)(II), unless they can obtain a waiver, *see* § 1182(h). The Attorney General may, however, only "waive the application of . . . [§ 1182(a)(2)(A)(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." *Id.* The issue is whether such a waiver is available where an applicant has been convicted of two separate

No. 10-60539

offenses of possessing 30 grams or less of marihuana but has already received a § 1182(h) waiver relating to the first offense. The Board of Immigration Appeals ("BIA") decided that the answer is no. We agree.

I.

In 2003, Atif Khan Rana, a citizen of Pakistan lawfully residing in the United States, pleaded guilty of unlawful possession of less than two ounces of marihuana. Based on his marriage to a U.S. citizen, he applied for an adjustment of his immigration status to lawful permanent resident. Because he had been convicted of a controlled-substance violation, he was an inadmissible alien, § 1182(a)(2)(A)(i)(II), and therefore ineligible for adjustment of status,[1] unless he could obtain a waiver of inadmissibility. The Attorney General has the discretion to "waive the application of [§ 1182(a)(2)(A)(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less or marijuana" if, as relevant here, denial of admission would result in "extreme hardship" to the applicant's United States citizen spouse. § 1182(h). Rana applied for such a waiver and, finding that Rana satisfied the requirements of § 1182(h), the Attorney General exercised his discretion to waive Rana's ground of inadmissibility. DHS then adjusted his status to lawful permanent resident.

In 2005, after his adjustment of status, Rana was charged with and pleaded guilty to a second offense of possessing less than two ounces of marihuana. After serving his sentence, he left the United States to travel to the United Kingdom. On his return, he was again deemed an inadmissible alien—this time because of his new marihuana possession offense—unless he could

---

[1] *See* §§ 1182(a) (stating that "aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States"), 1255(a)(2) (stating that an alien's status may be adjusted to lawful permanent resident if he is "eligible to receive an immigrant visa and is admissible to the United States for permanent residence").

## No. 10-60539

obtain a waiver.[2]  DHS temporarily allowed him into the country to determine whether he should be removed.  *See* § 1182(d)(5).

## II.

In 2007, DHS served Rana with a notice to appear, alleging that he was inadmissible under § 1182(a)(2)(A)(i)(II) for having been convicted of a controlled-substance offense.  The immigration judge ("IJ") sustained Rana's inadmissibility based on his 2005 conviction.  Rana then sought another § 1182(h) waiver.  In 2008, DHS filed a motion to pretermit Rana's waiver of inadmissibility because of his prior 2003 conviction.  DHS argued that Rana was ineligible for the waiver because he was (1) an aggravated felon and (2) the Attorney General could waive the application of § 1182(a)(2)(A)(i)(II) only insofar as it related to a "single" offense, and Rana had two.  The IJ denied the motion, addressing only the first ground.

At a hearing, the parties stipulated that Rana's U.S. citizen spouse would suffer "extreme hardship" if Rana's admission were denied, *see* § 1182(h)(1)(B), but they continued to dispute whether Rana was statutorily eligible for the § 1182(h) waiver in light of his two prior marihuana possession convictions.  In an oral decision, the IJ reasoned that Rana's first § 1182(h) waiver only waived a ground of inadmissibility; it did not "expunge the underlying offense and . . . prevent it from being considered in a subsequent" removal hearing.  As a result, Rana's present ground of inadmissibility "relat[ed] not only to a conviction of a single offense of simple possession of marijuana, [but] to two [such] offenses."

---

[2] *See* § 1101(a)(13)(C)(v) (stating that a lawful permanent resident alien "shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless . . . [he] has committed an offense identified in [§ 1182(a)(2)], unless since such offense the alien has been granted relief under [§ 1182(h) or § 1229b(a)]"); § 1182(a)(2)(A)(i)(II) (stating that an alien convicted of a "a violation of . . . any law . . . relating to a controlled substance" is inadmissible).

No. 10-60539

The IJ therefore concluded that Rana was not eligible for a § 1182(h) waiver and ordered him removed to Pakistan.

Rana appealed to the BIA, arguing that, because he had previously received a § 1182(h) waiver relating to his first marihuana possession offense, his present request for a waiver related only to his second offense, so it involved only a "single" offense of simple marihuana possession.[3] A single-judge panel of the BIA affirmed the removal order, holding that the IJ "correctly held that the respondent is ineligible for a [§ 1182(h)] waiver because he has been convicted twice for small amount of marijuana possession offenses whereas the statute only permits waiver of a 'single' such offense."

III.

We have jurisdiction to review "questions of law" in petitions from the BIA, *see* 8 U.S.C. § 1252(a)(2)(D), and we review them *de novo*, *Alwan v. Ashcroft*, 388 F.3d 507, 510 (5th Cir. 2004). We review the BIA's decision and the decision of the IJ to the extent that it influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir.2007). We have yet to decide whether a single-judge, unpublished BIA decision receives *Chevron* or only *Skidmore* deference,[4] but we need not decide that, because Rana's claim fails under either standard.

Anyone who has been convicted of or admits to "a violation of any law or regulation . . . relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Attorney General may, however, "in his discretion, waive the application of . . . [§ 1182(a)(2)(A)-

---

[3] Rana also argued to the BIA that his hearing before the IJ was fundamentally unfair, but he has not raised that argument before this court, so it is waived. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

[4] *Mushtaq v. Holder*, 583 F.3d 975, 876-77 (5th Cir. 2009). At least three circuits have held that such decisions are entitled only to *Skidmore* deference. *See id.* at 877 n.3 (citing cases).

No. 10-60539

(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." § 1182(h).

Rana contends that, because the Attorney General issued a waiver relating to his 2003 marihuana possession conviction, any new waiver would only "relate[] to a single offense of simple possession," namely his 2005 conviction. But even assuming *arguendo* that Rana is correct that any *new* waiver would only relate to a single simple possession offense, § 1182(h) does not say that *each* waiver of "the application of" [§ 1182(a)(2)(A)(i)(II)] must relate to "a single offense." Rather, § 1182(h) states that the Attorney General may waive the application of § 1182(a)(2)(A)(i)(II) insofar as it relates to a single offense. Were the Attorney General to waive the application of the statute insofar as it relates to Rana's 2005 conviction, then, because he already waived the application of the statute insofar as it related to Rana's 2003 conviction, he would, in total, have waived the application of the statute insofar as it relates to two offenses. And that is one offense too many under the statute.

Rana's interpretation of § 1182(h) requires a tortured rendering of the word "single." Instead of reading the term "single offense" to allow a waiver of one offense of simple possession of 30 grams or less of marihuana, as is most natural, Rana interprets it to allow a potentially infinite number of waivers of a potentially infinite number of offenses, *but only as long as the waivers were granted for one offense at a time.* Such an interpretation would yield a counter-intuitive result: The Attorney General would have the power to grant waivers *ad infinitum* to an alien who applied for them *seriatim* after each simple possession offense of 30 grams or less of marihuana, but an alien who applied for a waiver of two simple possession offenses at the same time would be inadmissible. It is unlikely that Congress wanted to give the Attorney General great discretion in the former case but none in the latter. It is much more likely that when Congress indicated that waivers must be limited to "a single offense of simple pos-

5

session of 30 grams or less of marijuana," it meant the total number of offenses, not the number sought to be waived each time an alien asks.[5]

Further supporting our interpretation is the fact that § 1182(h) waives only "the application of" § 1182(a)(2)(A)(i)(II) to an offense of simple possession of 30 grams or less of marihuana; it does not waive the offense itself.[6] As a result, there is nothing in the statute that indicates that Rana's 2003 conviction just disappeared from his record altogether, preventing its consideration here.

Our reading also finds support from a BIA decision in a similar context holding that the Attorney General may rely on an earlier, "waived" conviction to bring new deportation charges. In *Matter of Balderas*, 20 I. & N. Dec. 389, 393 (BIA 1991), an alien had previously been found deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) because he had twice been convicted of crimes of moral turpitude, but the Attorney General granted him a waiver under former § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1994) (repealed 1996).[7] The alien was later convicted of a third crime of moral turpitude, however, and the government sought to rely on both one of the "waived" convictions and the alien's new conviction to deport him. The alien argued that the government could not do so, because it could no longer rely on

---

[5] To support his interpretation, Rana argues that in other parts of the immigration statutes, Congress has explicitly made persons ineligible for relief if they had already once received it. *See* 8 U.S.C. § 1229b(c)(6). But that cannot overcome the plain meaning of § 1182(h). That Congress did not include a provision similar to § 1229b(c)(6) in § 1182(h) shows only that it believed the latter statute was plain enough that a provision like § 1229b-(c)(6) was unnecessary.

[6] *See Abbasi v. Holder*, 351 F. App'x 872, 874 (5th Cir. 2009) (per curiam) ("[E]ven if [the petitioner] was eligible for a waiver of the marijuana conviction as a ground of inadmissibility under § 1182(h), such a waiver affects only the finding of inadmissibility and not the underlying conviction." (citing *Amouzadeh v. Winfrey*, 467 F.3d 451, 458–59 (5th Cir.2006))).

[7] Former INA § 212(c) stated, "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . ."

No. 10-60539

any "waived" convictions as a ground for deportation.

The BIA rejected the alien's argument, explaining that because only "the finding of excludability or deportability rather than the basis of excludability itself" was waived, the alien's previous crimes did not "disappear from [his] record for immigration purposes." *Id.* at 391. Accordingly, the government could rely on the previously "waived" conviction in conjunction with the new conviction as a ground for deportation. *Id.* at 393. We later approved of *Balderas*'s holding, finding it "consistent" with INS regulations.[8] Adopting Rana's interpretation of § 1182(h), by which the government could not rely on "waived" convictions in subsequent § 1182(h) determinations involving new offenses, would be in tension with *Balderas* and our subsequent caselaw approving of it.[9]

In sum, based on the plain language of § 1182(h), the implausibility of Rana's reading, and prior BIA and Fifth Circuit precedent, an alien who has been convicted of two or more offenses of simple possession of 30 grams or less of marihuana is ineligible for a § 1182(h) waiver, regardless of whether he previously received a § 1182(h) waiver related to one of his offenses. The petition for review is DENIED.

---

[8] *Molenda v. INS*, 998 F.2d 291, 295 (5th Cir. 1993); *see also Amouzadeh*, 467 F.3d at 458–59.

[9] Rana argues that *Balderas* is distinguishable because the alien there was charged with two crimes, whereas he has only been charged with one. That is an irrelevant distinction, because the Attorney General does not have the authority to grant a waiver for a second offense, regardless of whether Rana was again charged with the first. The government did plainly *raise* the fact of Rana's 2003 conviction before the BIA, arguing that he was ineligible for a § 1182(h) waiver. *See* 8 C.F.R. § 1003.30 (permitting additional factual allegations "and/or" charges to be alleged in writing "[a]t any time during deportation or removal proceedings"). We need not decide whether an alien is eligible for a § 1182(h) waiver where the government fails to raise the existence of a prior conviction during removal proceedings.