**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-60216
Summary Calendar

Lyle W. Cayce
Clerk

JANE WAKIURU NDUNGU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 155 099

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jane Wakiuru Ndungu, a native and citizen of Kenya, petitions this court
for review of the Board of Immigration Appeals's (BIA's) decision holding her
ineligible for asylum and withholding of removal.  The BIA determined that she
had failed to establish a well-founded fear of future persecution on account of her
membership in the Kikuyu tribe.  Ndungu argues that this finding was
erroneous based on evidence of civil unrest and interethnic violence in her native
Kenya.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the BIA's decision and the decision of the immigration judge to the extent that it influenced the BIA. *Rana v. Holder*, 654 F.3d 547, 549 (5th Cir. 2011). Whether an alien has demonstrated eligibility for asylum or withholding of removal is a factual determination reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To establish her eligibility for asylum, Ndungu is required to demonstrate past persecution or a well-founded fear of future persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). "To establish a well-founded fear of future persecution, [she] must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).

The issue whether Ndungu demonstrated past persecution is waived by virtue of her failure to brief it. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986). On the issue whether she had a well-founded fear of future persecution, the record discloses that the interethnic violence following Kenya's 2007 presidential election ended in February 2008 with the formation of a coalition government. Ndungu's immediate family still resides in Kenya, and she did not testify that they have experienced violence or persecution on account of their tribal affiliation. She has adduced no evidence of current widespread violence or unrest, and her stated fear of future violence or persecution is purely speculative and not objectively reasonable. Consequently, the evidence does not compel reversal of the BIA's decision that she is ineligible for asylum. *See Zhao*, 404 F.3d at 307. Having failed to satisfy the requirements for asylum, she has also failed to satisfy the requirements for withholding of removal under the Immigration and Nationality Act. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

PETITION DENIED.