**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3308
_____

KEITH BYRNE; KEREN BYRNE,
                                    Appellants
v.

SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
DIRECTOR UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
EVANGELINE KLAPAKIS, FIELD OFFICE DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES; TONY BRYSON, DISTRICT DIRECTOR,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES, PHILADELPHIA, PA;
ROBERT COWAN, DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES NATIONAL BENEFITS CENTER
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:13-cv-06953)
District Judge:  Honorable Joel H. Slomsky

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015

Before:  CHAGARES, KRAUSE and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: July 13, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keith and Keren Byrne filed a complaint alleging violations of the Administrative Procedure Act ("APA") and violations of their due process rights by the defendants, the Secretary of the United States Department of Homeland Security ("DHS") and various other immigration officials. The District Court granted summary judgment for the defendants and the Byrnes appealed. For the following reasons, we will affirm the judgment of the District Court.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Keith Byrne is a citizen of Ireland who entered the United States in October of 2007 under the Visa Waiver Program ("VWP"). Though the VWP permits an entrant without a visa to stay in the country for only ninety days, Mr. Bryne has not left the country since his entry in 2007. In October of 2009, Keith Byrne married Keren Byrne, a citizen of the United States.

In mid-2012, Mrs. Byrne filed an I-130 Petition for Alien Relative on Mr. Byrne's behalf. Mr. Byrne simultaneously filed an I-485 Application to Register Permanent Residence or Adjust Status, an I-765 Application for Employment Authorization, and an I-601 Application for Waiver of Grounds of Inadmissibility. His papers included the fact that he had been twice arrested for possession of marijuana in his native Ireland and on both occasions paid a fine. Mr. Byrne's counsel, in his cover letter to the United States Citizenship and Immigration Services ("USCIS"), stated that he was filing the I-601 form as a protective measure, "if it is determined that Mr. Byrne is inadmissible . . . for a conviction for a controlled substance." Appendix ("App.") 53. Counsel maintained,

2

however, that the waiver was not required because Mr. Byrne's adjudications did not rise to the level of "convictions" under the immigration laws.

After an interview, USCIS granted Mrs. Byrne's I-130 petition, but denied Mr. Bryne's I-485 application. USCIS found that Mr. Byrne's two marijuana possession offenses rendered him inadmissible to the United States. USCIS also denied his I-601 application for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h). Section 1182(h) allows DHS to waive inadmissibility for someone who is inadmissible because of "a single offense of simple possession of 30 grams or less of marijuana," and Mr. Byrne had two offenses. Mr. Byrne requested removal proceedings and was denied.[1]

The Byrnes then filed a complaint in the District Court on November 29, 2013. The complaint alleged violations of the APA and of the Byrnes' due process rights. The defendants filed a motion to dismiss or, in the alternative, for summary judgment, and the Byrnes filed what they denominated a cross-motion for summary judgment. On June 17, 2014, the District Court granted the defendants' motion for summary judgment.

## II.

The District Court had jurisdiction pursuant to 5 U.S.C. § 704 and 28 U.S.C. § 1331.[2] We have appellate jurisdiction over that claim pursuant to 28 U.S.C. § 1291.

---

[1] Aliens admitted under the VWP waive their right to contest removal, except on the basis of asylum, as a condition of entry. 8 U.S.C. § 1187(b)(2).

[2] Though 8 U.S.C. § 1182(h) has a jurisdiction-stripping provision, which provides that no court has jurisdiction to review the decision "to grant or deny a waiver under this subsection," the District Court had jurisdiction over Mr. Byrne's claim because DHS decided he was ineligible for a waiver, rather than declining to grant a waiver for which he was eligible. See Pinho v. Gonzales, 432 F.3d 193, 203 (3d Cir. 2005) (holding that

"When reviewing a grant of summary judgment in a case brought under the APA, we apply de novo review to the district court's ruling, and in turn apply the applicable standard of review to the underlying agency decision." Cyberworld Enter. Techs., Inc. v. Napolitano, 602 F.3d 189, 195–96 (3d Cir. 2010). We exercise plenary review of the District Court's statutory interpretation. See Acosta v. Ashcroft, 341 F.3d 218, 222 (3d Cir. 2003).

### III.

We begin by briefly setting out the basic statutory framework governing this case. An alien who marries a United States citizen is eligible to request an adjustment of status on that basis. The alien may nonetheless be inadmissible because of a controlled substance violation. As applicable to Mr. Byrne, the statute provides that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of . . . a foreign country relating to a controlled substance . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A). The statute also provides for the waiver of inadmissibility insofar as the conduct that rendered the alien inadmissible "relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h).

Mr. Byrne first claims that he was improperly denied an adjustment of status because his two marijuana violations do not satisfy the terms of 8 U.S.C. § 1182(a)(2)(A). He argues, essentially, that the violations do not rise to the level of

an appellate court may review the determination that an immigrant is "legally ineligible" for a benefit but not the discretionary denial of an eligible immigrant's application for the benefit).

4

"convictions" as defined by the statute. Though the subsection's heading does say "Conviction of certain crimes," its text is substantially broader and "it is a 'well-settled rule of statutory interpretation that titles and section headings cannot limit the plain meaning of statutory text where that text is clear.'" United States v. Pendleton, 658 F.3d 299, 305 (3d Cir. 2011) (quoting M.A. ex rel. E.S. v. State–Operated Sch. Dist., 344 F.3d 335, 348 (3d Cir. 2003)). The text refers not only to acts which an alien is "convicted of," but also to acts that an alien "admits having committed," and to a situation where the alien admits to a course of conduct which "constitute[s] the essential elements of" a relevant violation. 8 U.S.C. § 1182(a)(2)(A)(i).

We have no trouble concluding that Mr. Byrne, at the least, "admit[ted] having committed . . . a violation of . . . [a] law or regulation of . . . a foreign country relating to a controlled substance." Id. His I-601 form admits the violations and the record shows that the Irish police viewed the two offenses as convictions under Ireland's Misuse of Drugs Act, a law of a foreign country relating to controlled substances. Mr. Byrne contends Ireland did not provide him the same constitutional protections he would have in the United States, but that does not factor into our analysis of whether he is inadmissible under the plain terms of the statute.

Mr. Byrne also argues that because the USCIS letter denying his I-601 application referred to "convictions," the Government may not now support that decision on the grounds that his conduct amounted to a "violation," even if it was not a conviction. It is well settled "that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such

5

action solely by the grounds invoked by the agency." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

The Chenery doctrine, however, is not so technical as to require the precise phrasing of "violation" rather than "conviction" where the letter sent to Mr. Byrne by USCIS was sufficient to put him on notice as to the statutory ground invoked to support the denial of his application. The letter to Mr. Byrne denying his I-601 application sets out the statute in full, including the "violation" language, and puts him on notice as to the ground for denial. The ground for denying Mr. Byrne's application was plainly the section of the statute governing the admissibility of aliens who have violated controlled substances laws. The fact that the letter describes Mr. Byrne's conduct as a "conviction" does not disguise the basis for the agency's action nor does it limit our review to consider only whether the charged conduct amounts to a conviction. The major purposes of the Chenery doctrine are to allow an agency to consider a matter within its realm of expertise in the first instance and to ensure that we have a reasoned decision to review. Neither purpose would be served by requiring remand to the agency "when it 'would be an idle and useless formality.'" Li Hua Yuan v. Att'y Gen. of U.S., 642 F.3d 420, 427 (3d Cir. 2011) (quoting NLRB v. Wyman–Gordon Co., 394 U.S. 759, 766 n.6 (1969)).

Mr. Byrne also argues that the District Court erred in rejecting his argument that removal amounts to an unconstitutional punishment. Mr. Byrne is not yet the subject of a removal proceeding — his action challenges only USCIS's denial of his I-495 and I-601 applications. This issue, therefore, is not ripe for our consideration because it is not "'of sufficient immediacy and reality' to justify judicial resolution." Peachlum v. City of

6

York, Pa., 333 F.3d 429, 434 (3d Cir. 2003) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

We would nevertheless affirm the District Court's judgment even if we considered the argument on the merits. While the potential for removal is a severe consequence of the denial of Mr. Byrne's applications, is it not a penalty for the purposes of the Eighth Amendment. We have previously held that just "[a]s removal cannot violate the Eighth Amendment because it is not a criminal punishment, the denial of an I-130 Petition no doubt cannot do so." Eid v. Thompson, 740 F.3d 118, 126 (3d Cir. 2014) (citation and quotation omitted). We see no reason to distinguish between the denial of an I-130 Petition and the denial of the I-485 and I-601 applications in this case. Mr. Byrne's ineligibility for admission to the United States is a severe, but collateral, consequence of his violations of Irish law, not a punishment to which the Eighth Amendment has any application. Our conclusion that his removal does not constitute punishment also disposes of Mr. Byrne's argument that this alleged punishment violates the requirement of proportionality. In addition, we agree with the District Court that the relevant statutory provisions contain no ambiguity requiring the application of the rule of lenity. See 2014 WL 2742800, at *5 n.12

Mr. Byrne also argues that USCIS was wrong to conclude that he was ineligible for a waiver of his convictions. The statute provides that the Attorney General may "waive the application" of the section governing inadmissibility based on a controlled substance violation "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Mr. Byrne argues that each controlled

7

substance violation results in one "application" of the inadmissibility provision and, therefore, each violation can be separately waived.

We disagree. The plain language of the statute allows a waiver only for "a single offense." Id. To allow an applicant to receive multiple waivers, each for a single offense, would allow an end-run around the statutory scheme. Caselaw in both our Circuit and others confirms our interpretation of the statute. See Steele v. Blackman, 236 F.3d 130, 134 (3d Cir. 2001) (holding that a waiver is unavailable where an applicant "admitted to committing more than one offense for which he could be found inadmissible"); Rana v. Holder, 654 F.3d 547, 548 (5th Cir. 2011) (holding that an alien who had received one waiver for a marijuana conviction was ineligible for a second waiver under the "single offense" language).

Finally, we reject Mr. Byrne's argument that the VWP program does not limit his ability to challenge USCIS's finding of inadmissibility. In fact, 8 U.S.C. § 1187(b)(1) provides that a VWP entrant waives the right to challenge an immigration officer's determination as to the alien's inadmissibility "at the port of entry into the United States," and, as noted by the District Court, USCIS policy also provides that applicants who are refused an adjustment of status are similarly not entitled to appeal or review, other than on the basis of an application for asylum. See 2014 WL 2742800, at *8 n.19.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

8